## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JESUS MANUEL ORTIZ,**

           **Plaintiff,**                           **Case No. 2:08-cv-800**
                                                    **JUDGE GREGORY L. FROST**
      **v.**                                  **Magistrate Judge E.A. Preston Deavers**

**ANCHOR REALTY**
**CONSTRUCTION, INC., et al.,**

           **Defendants.**


**JESUS MANUEL ORTIZ,**

           **Plaintiff,**                           **Case No. 2:09-cv-337**
                                                    **JUDGE GREGORY L. FROST**
      **v.**                                  **Magistrate Judge E.A. Preston Deavers**

**ANCHOR REALTY**
**CONSTRUCTION, INC., et al.,**

           **Defendants.**

### OPINION AND ORDER

The captioned consolidated cases are before the Court for consideration of the following filings:[1]

(1) a motion for summary judgment filed by Defendants (ECF No. 51), a memorandum in opposition[2] filed by Plaintiff (ECF No. 68) that incorporates a memorandum in opposition filed

---

[1]  For ease of reference, the Court shall refer only to the docket numbers of the filings in Case No. 2:08-cv-800 unless otherwise specified.  This Opinion and Order applies to the corresponding filings in Case No. 2:09-cv-337.

[2]  Plaintiff states in his memorandum in opposition that he "respectfully requests that this Court deny [D]efendants' Motion for Summary Judgment and enter Judgment on behalf of the

by movant the Office of the Franklin County Prosecuting Attorney ("County Prosecutor") (ECF No. 56-1), and a reply memorandum filed by Defendants (ECF No. 69);

(2) a motion for leave to file an *amicus* brief filed by the County Prosecutor (ECF No. 56), a memorandum in opposition filed by Defendants (ECF No. 79), and a reply memorandum filed by the County Prosecutor (ECF No. 81); and

(3) a motion to strike filed by Defendants (ECF No. 70), a memorandum in opposition (incorrectly labeled as a motion in opposition) filed by Plaintiff (ECF No. 78), and a reply memorandum filed by Defendants (ECF No. 80).

For the reasons that follow, the Court finds the motion to strike well taken in part, the motion for leave to be moot, and the motion for summary judgment well taken in part.

## I. Background

Defendants, Anchor Realty Construction, Inc., Anchor Management Group, Inc., and LEED Construction, Ltd. (collectively, "Anchor"), are in the construction business. From August 15, 2005 to February 10, 2008, Plaintiff, Jesus Manuel Ortiz, performed work for Defendants. The precise nature of this work is in partial dispute, as is whether Plaintiff was an employee or an independent contractor. Equally in dispute is whether Plaintiff, who is of Hispanic origin, was acting as a subcontractor with his own crew of employees or whether he was an Anchor employee supervising Anchor employees. What is not in dispute is that Defendants would pay Plaintiff by check, who in turn would pay the employees in cash.

---

Plaintiff." (ECF No. 68, at 9.) The former request is appropriate in a memorandum in opposition, while the latter request for judgment is not. If Plaintiff wanted to move for summary judgment, he could and should have filed a motion. Inserting an essentially throwaway tag-along reference in a brief does not constitute an appropriate and viable motion for summary judgment.

On August 19, 2008, Plaintiff filed a lawsuit against Defendants constituting Case No. 2:08-cv-800.  The Complaint asserted a claim under the Fair Labor Standards Act and the Portal to Portal Act ("FLSA").  (ECF No. 2.)  Plaintiff avers that he worked on-site for 90 hours per week for specified times, that he was on call for 24.5 hours per week during that same period, and that he is owed overtime pay for this period.  In the year prior, Plaintiff asserts that he worked a similar number of hours and is also due overtime pay.  He claims that Defendants controlled his hours of work, location of work, and performance of work, provided the tools used at job sites, and required him to work exclusively for Defendants during this period.  Defendants contend that Plaintiff worked as an independent contractor.  They assert counterclaims for conversion, fraud, unjust enrichment, and declaratory judgment.  (ECF No. 45.)

Plaintiff later filed a second action against Defendants on April 28, 2009.  In Case No. 2:09-cv-337, he asserts federal and state law claims for discrimination under 42 U.S.C. § 2000(e), 42 U.S.C. § 1981, and Ohio Revised Code Chapter 4112, as well as claims of disparate impact under Title VII and common law fraud.  Plaintiff avers claims that he was employed as a construction crew leader throughout his time with Defendants and that he was also required to perform oral translation services for other Hispanic workers.  Plaintiff claims that Defendants failed to withhold proper taxes and that he was required to pay the other Hispanic workers from a single check made out to him representing all hours collectively worked by Hispanic employees.  He also claims there was a wage differential between his own pay rate and that of members of other unprotected classes.  Finally, he asserts that Defendants sought to require him to obtain signatures from the other Hispanic workers on written agreements that attempted to create an independent contractor status for all Hispanic workers.

Defendants filed a motion for summary judgment on most but not all of the claims and counterclaims involved in this consolidated litigation. (ECF No. 51.) The County Prosecutor then filed a motion for leave to file a memorandum in opposition as *amicus curiae* (ECF No. 56), and Defendants filed a motion to strike portions of various affidavits submitted in the course of the summary judgment briefing (ECF No. 70). The parties have completed briefing on all three motions, which are ripe for disposition. Because the motion to strike and the motion for leave to file a brief as *amicus curiae* can affect the record, this Court is obligated to address those filings before ruling on the motion for summary judgment. *Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) ("a district court should dispose of motions that affect the record on summary judgment before ruling on the parties' summary judgment motions").

## II.  Motion to Strike

On February 1, 2011, Defendants filed a motion to strike two affidavits by Plaintiff. (ECF No. 70.) The first affidavit is a November 1, 2010 affidavit (ECF NO. 56-2) that the County Prosecutor filed attached to the Motion for Leave to File Brief as *Amicus Curiae* (ECF No. 56). The affidavit is also separately filed on the docket. (ECF No. 58.) The second affidavit is a January 18, 2011 affidavit filed as an attachment to Plaintiff's memorandum in opposition to Defendants' motion for summary judgment. (ECF No. 68-1.) Defendants make five basic arguments in support of their motion to strike these affidavits. None of these arguments prove persuasive.

Defendants first contend that because Plaintiff is illiterate and because there is no credible evidence indicating that he knows or understands the contents of the affidavits, the affidavits are unreliable and cannot qualify as evidence under Federal Rule of Civil Procedure

56(c).  In response to this assertion, Plaintiff submitted a February 21, 2011 affidavit in which he attests that all three of his affidavits were read to him prior to his signing the documents, that he agreed with their content, and that the erroneous references Defendants point out were simply minor mistakes.  (ECF No. 78-1, Ortiz Aff. ¶¶ 5-7.)  Defendants disregard these sworn representations and ask the Court to deem the third affidavit unbelievable.

There is no persuasive basis on the record before this Court to accept Defendants' propositions that Plaintiff has submitted three fraudulent affidavits.  There is also no basis to accept Defendants' implicit premise that an illiterate individual can never submit an affidavit because he or she can never truly know that what was read to him or her was the actual affidavit content.  To reject that the affidavits were read to Plaintiff as he describes would mean that counsel failed to accurately read the affidavits and then participated in the submission of a fraudulent document misrepresenting their actions.  There is no basis to believe that counsel Mark Chuparkoff failed to act within his ethical duties as an officer of this Court in notarizing and submitting the February 21, 2011 affidavit.  Because Defendants' conjecture regarding Plaintiff's ability to understand the affidavits he signed lacks sufficient evidentiary support, this Court declines Defendants' invitation to reject Plaintiff as competent to testify to the matters stated in his affidavits.

In their second argument, Defendants aver that portions of both affidavits contradict Rule 36 admissions.  Defendants assert that, pursuant to Rule 36, they served requests for admissions upon Plaintiff at his last known address on July 30, 2010.  During this period of time, Plaintiff was without counsel, with his prior counsel having withdrawn and Plaintiff not yet having obtained new counsel.  Plaintiff never responded or objected to the requests and in fact alleges

that he never heard of them until November 1, 2010.  Defendants contends that the failure to respond thereby deems the matters admitted.

Rule 36 indeed contemplates admission by default, stating that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  The rule also provides, however, that a court, on motion, may allow a party to withdraw or amend the otherwise conclusively established admission.  Fed. R. Civ. P. 36(b).  Such withdrawal or amendment is permissible "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).

Implicit in the rule is that "[a] 'district court has considerable discretion over whether to permit withdrawal or amendment of admissions.' "  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153-54 (6th Cir. 1997) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).  Perhaps less obvious from the face of Rule 36 is that, as the Sixth Circuit has held, a formal motion is not always required for a court to grant leave to withdraw or amend admissions.  *Id.* at 154.  *See also United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  Rather, "a withdrawal 'may be imputed from a party's actions.' "  *Petroff-Kline*, 557 F.3d at 293-94 (quoting *Chancellor v. City of Detroit*, 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006)).

The circumstances here evince Plaintiff's intent to withdraw the admissions.  After Plaintiff received the requests for admission, he filed two affidavits, the first of which was filed

6

only a day after he purportedly learned of the admission requests.  Functioning as belated

denials, both affidavits directly contradict the contentions that Defendants would like the Court

to deem conclusively established.  This Court finds such actions by Plaintiff effectuated an

informal albeit clear attempted withdrawal of the default admissions and the filing of late

responses.  *See White Consol. Indus., Inc. v. Waterhouse*, 158 F.R.D. 429, 432 (D. Minn. 1994)

(Rule 36 admissions case in which the court noted that " '[i]t does not further the interests of

justice to automatically determine all the issues in a lawsuit and enter summary judgment against

a party because a deadline is missed" (quoting *Hadra v. Herman Blum Consulting Engineers*, 74

F.R.D. 113, 114 (N.D. Tex. 1977))).

The circumstances here also satisfy the test for permitting such withdrawal by Plaintiff.

The first prong of the Rule 36(b) test is met "when upholding the admission would practically

eliminate any presentation on the merits of the case."  *Hadley v. United States*, 45 F.3d 1345,

1348 (9th Cir. 1995).  Second,

> [t]he prejudice contemplated by Rule 36(b) is "not simply that the party will now
> have to convince the factfinder of its truth.  Rather it relates to the difficulty a party
> may face in proving its case, e.g., caused by the unavailability of key witnesses,
> because of the sudden need to obtain evidence" with respect to the questions
> previously deemed admitted.

*Id.* (quoting *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).  Applying

these standards to the instant cases, the Court finds that under the first prong of Rule 36(b), the

admissions go to the core of this litigation.  For example, Defendants asked Plaintiff to "Admit

YOU were an independent contractor during all work performed for ANCHOR."  (ECF No. 51-

2, at 3, Request No. 11).  Allowing such an admission would eliminate any possibility of

reaching the merits.  Furthermore, the Court is not persuaded that allowing withdrawal of the

admissions would prejudice Defendants in the Rule 36 sense.  Accordingly, the Court in its discretion recognizes the admissions as withdrawn and finds no consequent grounds to strike the affidavit content.

Defendants' next three arguments for striking affidavit content all fall under Rule 56(c)(4), which requires that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Defendants assert in their third argument that the Court must strike portions of the affidavits because they are not based on personal knowledge. In their fourth argument, Defendants then contend that the Court must strike portions of the affidavits because they contain conclusory statements not based on facts.  Finally, Defendants posit in their last argument that the Court must strike portions of the affidavits because they contain inadmissible hearsay.  The Court will address each affidavit paragraph Defendants laboriously target in turn.

Paragraph four of Plaintiff's January 18, 2011 affidavit expresses Plaintiff's opinion as to why he was named in another lawsuit.  Defendants argue that this is impermissible speculation not based on a factual foundation arising from personal knowledge.  There are indeed no facts cited as grounds upon which Plaintiff bases his assertion.  The Court strikes this conclusory paragraph.

Paragraph five of Plaintiff's January 18, 2011 affidavit includes Plaintiff's statement that at all times detailed in the affidavit, Anchor employed him.  Defendants assert that this is a legal conclusion lacking a proper foundation.  *See Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004) (" 'It is well settled that courts should disregard conclusions of

law (or "ultimate fact") found in affidavits' submitted for summary judgment." (quoting *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002))).  The Court need not strike the first sentence of paragraph five, which is the only sentence of that paragraph Defendants target, and can instead consider such statements for whatever value (if any) they possess in the summary judgment context.  *See Carl Kelley Constr. LLC v. WTNM Tech., Ltd.*, No. CIV 08-0379 JB/RLP, 2009 WL 1312904, at *1 (D.N.M. Jan. 5, 2009) ("Certain aspects of the challenged paragraphs can be understood as making legal conclusions.  The Court does not need to strike the affidavit, however, because the affidavit contains legal conclusions.  The Court will come to its own determination of the legal issues involved in this case.").

Paragraph six of Plaintiff's January 18, 2011 affidavit contains Plaintiff's assertion that he was hired by Anchor and performed work for the company at various locations.  Defendants argue that "[t]hat this is not appropriate affidavit testimony because Mr. Ortiz states he was 'hired' by Anchor but provides no factual support to show he was an 'employee.' " (ECF No. 70, at 17.)  Defendants' objections parses the affidavit statement to reach a possible inference that they then attack, but the affidavit paragraph does not state Plaintiff was an employee.

Paragraph nine of Plaintiff's January 18, 2011 affidavit speaks to what Plaintiff perceived he was permitted to do by Defendants and what Anchor purportedly knew concerning side jobs Plaintiff and other employees worked.  The Court agrees with Defendants that the portion of the paragraph setting forth imputed knowledge should be stricken.  *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (7th Cir. 2001) (rejecting affidavit's statement of what a party knew when affidavit lacked specificity demonstrating personal knowledge).  *See also Spencer v. City of Hollywood, Fla.*, No. 08-60028-CIV, 2009 WL 980274, at *3 n.4 (S.D. Fla. Apr. 10, 2009)

9

(noting that "broad assertions in affidavits, made without specific supporting facts, are insufficient to prevent summary judgment").

Paragraph eleven of Plaintiff's January 18, 2011 affidavit is a blanket assertion of disagreement with the entire contents of two other witnesses' affidavits.  The Court agrees that such a sweeping, conclusory statement is impermissible and strikes the paragraph.

Paragraph thirteen of Plaintiff's January 18, 2011 affidavit indicates that Anchor controlled the jobs Plaintiff performed.  Defendants posit that this is a legal conclusion that Plaintiff presents without an appropriate factual foundation.  The obvious counterargument is that although Plaintiff does not provide examples, he is certainly drawing upon personal knowledge in stating whether he worked at his own direction or the direction of Anchor.  Erring if at all on the side of caution, however, the Court strikes the paragraph.

Paragraph seventeen of Plaintiff's January 18, 2011 affidavit provides that had Plaintiff known earlier the distinction between an employee and an independent contractor, he would never had testified that he was an independent contractor.  Defendants argue that this is inappropriate because Plaintiff fails to provide a factual foundation for the legal implications between the two terms.  This argument overreaches and requires more than Rule 56 contemplates.

Paragraph five of Plaintiff's November 1, 2010 affidavit states what various individuals allegedly did.  Defendants disagree with Plaintiff's classification of these individuals' roles and argues that Plaintiff does not have personal knowledge of who the company officers were at the time in question.  Plaintiff may or may not be correct in his factual representations as to the individuals' actions and status, but the correctness of the factual assertions is not an issue for

disposition for today.  Additionally, there is no basis to conclude that Plaintiff's factual representations are not based on his personal knowledge, regardless of whether Plaintiff is correct.

Paragraphs seven and eleven of Plaintiff's November 1, 2010 affidavit provides that various agents or employees of Defendants paid select employees in cash.  Defendants argue that this affidavit content is inappropriate because Plaintiff has failed to provide a factual foundation demonstrating his personal knowledge of this purported fact.  The Court agrees and strikes the first sentences of paragraphs seven and eleven.  Plaintiff's blanket statement in the first paragraph of his affidavit that the entirety of the affidavit is based on personal knowledge unless otherwise indicated cannot save this or any other affidavit provision.  *See Spencer*, 2009 WL 980274, at *3 n.4 ("The inclusion of a blanket statement that the affidavit is made upon personal knowledge will not save statements made upon belief, no matter how strong the belief." (citing *Pace v. Capobianco*, 283 F.3d 1275, 1279 (11th Cir. 2002))).

Paragraph eighteen of Plaintiff's November 1, 2010 affidavit describes in part the formation of Defendant LEED Construction, Ltd., the position Megan Gunsorek allegedly played in that company, and her or another individual's purported activities at a construction site.  Defendants argue that the affidavit fails to indicate that Plaintiff has personal knowledge of this information.  The Court agrees and strikes the first three sentences and the last two sentences of paragraph eighteen.

Paragraph twenty-five of Plaintiff's November 1, 2010 affidavit contains assertions regarding the ownership or provision of tools, equipment, and materials.  Defendants correctly assert that Plaintiff fails to provide any basis as to any personal knowledge underlying these

11

representations.  The Court therefore strikes all but the last sentence of paragraph twenty-five.

Paragraph twenty-eight of Plaintiff's November 1, 2010 affidavit indicates that Plaintiff's rate of pay never varied based on factors such as his profit.  Defendants attack the statement on the grounds that the statement implies that Plaintiff understands the meaning of "profit" for an independent contractor.  At best, Defendants' argument goes to the weight of Plaintiff's sworn testimony more than it does its admissibility.  In any event, the argument fails to present grounds for striking the targeted content.

Paragraph thirty-four of Plaintiff's November 1, 2010 affidavit states that Plaintiff did several side jobs as an independent contractor during a specified period of time.  Defendants argue that this presents a legal conclusion that the referenced side jobs are not evidence that Plaintiff is in fact an independent contractor.  Again, Defendants overreach in their motion to strike by relying on argument going more to the weight of Plaintiff's sworn testimony than its admissibility.

Paragraph thirty-eight of Plaintiff's November 1, 2010 affidavit contains Plaintiff's explanation of why he previously stated in another case that he was an independent contractor. Defendants first argue that this content is impermissible because Plaintiff fails to provide a factual basis for his changed belief that demonstrates that he knows the legal distinction between an independent contractor and an employee.  Plaintiff does not have to set forth in detail the foundation for his belief beyond pointing to what personal knowledge he relies upon, however, and he does just that by explaining that he discussed the matter with his own counsel.

Defendants next argue that Plaintiff is presenting a legal conclusion that is inappropriate for an affidavit.  As noted, legal conclusions are indeed impermissible.  The line between factual

12

contention and conclusion of law is not always as clear as Defendants suggest, however, and Plaintiff's statement as to his belief is presented as his impression and his explanation for his prior testimony.  The Court declines to strike the hardly binding statement.

Finally, Defendants argue that a portion of the paragraph is impermissible because Plaintiff is attempting to testify based on hearsay from his counsel.  Plaintiff has not indicated what his counsel said; rather, Plaintiff simply cites to conversations with his counsel as the foundation for Plaintiff's subjective belief that he was an employee during a specified period. Because no statement by counsel is offered for the truth of the matter asserted, no hearsay issue warrants striking the statement at issue.

Paragraph forty of Plaintiff's November 1, 2010 affidavit provides that Plaintiff did no work as an independent contractor at a donut factory, but only as an Anchor employee. Defendants characterize the paragraph as containing inaccurate assumptions and attempt to add factual contentions via argument as to the tenant nature of the donut business and how Plaintiff was paid.  Defendants then conclude that Plaintiff's purportedly incorrect representations are not based on personal knowledge.  There is no basis for accepting here either Defendants' version of the facts or that Plaintiff lacks the personal knowledge to make the statements set forth in the paragraph. *See Relational Design & Tech., Inc. v. Data Team Corp.*, Civ. A. No. 91-2452-O, 1992 WL 350219, at *2 (D. Kan. Oct. 21, 1992) ("To the extent that the affiant is testifying regarding whether he was employed during the period in question and whether he performed certain acts pursuant to that employment, the testimony is perfectly proper.").  Defendants also attack the paragraph on the grounds that Plaintiff has set forth a legal conclusion without setting forth the grounds for his knowing its underlying foundation.  Plaintiff can testify to the nature of

the job–whether he controlled the job or whether he worked under another entity–and Defendants' argument to the contrary requires too much of a lay witness.

Paragraph forty-three of Plaintiff's November 1, 2010 affidavit sets forth Plaintiff's statement that during a specific period of time, he was dependent on Anchor for his income. Defendants challenge the statement as conclusory and parses the meaning of dependent. Certainly, Plaintiff more than anyone can speak to what entity he relied upon for making money. Defendants' argument that essentially disagrees with Plaintiff's wording and meaning goes to the weight of his testimony and not its admissibility.

Paragraph forty-six of Plaintiff's November 1, 2010 affidavit includes statements based upon Plaintiff's beliefs concerning whether Defendants are providing Misty Smitley with financial support as of October 24, 2010, and whether Defendants owned the apartment referenced in that paragraph.  Similarly, Paragraph forty-seven of Plaintiff's November 1, 2010 affidavit includes a statement regarding the ownership of a car and its registration that Plaintiff avers is based upon belief.  Defendants are correct that this is impermissible.  *See Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (holding that an affidavit statement that is based upon belief and that does not demonstrate the affiant's personal knowledge does not satisfy the Rule 56 requirement).  The Court therefore strikes the first sentence of paragraph forty-six, the "owned by Anchor" clause of the second sentence of paragraph forty-six, and the second sentence of paragraph forty-seven.  Defendants overreach, however, in including the remaining portions of paragraph forty-six in their attack.  Certainly, Plaintiff's awareness that he has three children in common with Smitley is based on his personal knowledge, as is his ability to recall where he performed work for Defendants.

14

The last portion of Defendants' motion to strike addresses whether the Court should grant the County Prosecutor's motion for leave to file an *amicus* brief, the denial of which Defendants assumed would effectively "strike" Plaintiff's November 1, 2010 affidavit. (ECF No. 56.) As discussed in the following section, the *amicus curiae* issue is moot.

This Court **GRANTS IN PART** and **DENIES IN PART** the motion to strike as set forth above. (ECF No. 70.)

### III. Motion for Leave to File Brief as *Amicus Curiae*

As noted, the County Prosecutor has filed a motion for leave to file a brief as *amicus curiae*. (ECF No. 56.) In light of Plaintiff's summary judgment memorandum in opposition that subsequently incorporated the proffered *amicus* brief and its supporting affidavit, however, the County Prosecutor's motion is moot. (ECF No. 68, at 1.) The Court therefore **DENIES AS MOOT** the County Prosecutor's motion. (ECF No. 56.)

### IV. Summary Judgment Motion

#### A. Standard Involved

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the

nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

In addition to the already discussed debate over what affidavit evidence is properly before this Court, there is the issue of a flawed deposition transcript that the Court must raise *sua sponte*.  Defendants rely upon the September 28, 2007 deposition transcript of Plaintiff from the case of *Bryant Food Group, LLC v. Alum Creek Arc, LLC*, which they have submitted as an attachment to their motion.  (ECF No. 51-6.)  In an apparent attempt to comply with Fed. R. Civ. P. 56 and S. D. Ohio Civ. R. 7.2, Defendants filed this transcript and an accompanying exhibit with their summary judgment motion.  This deposition transcript lacks an accompanying signed court reporter certification, which is an "essential portion[] of [the] transcript[]."  S. D. Ohio Civ. R. 7.2(e).  The error means that the transcript filed with this Court fails to qualify as proper summary judgment evidence under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 30(f)(1); *Soliday v. Miami County, Ohio,* No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment

16

reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition not filed with court is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts). The Court therefore cannot consider the uncertified deposition transcript.[3] *See Harris v. City of St. Clairsville, Ohio*, 330 F. App'x 69, 71-72 (6th Cir. 2008) (affirming refusal to consider uncertified depositions in summary judgment analysis).

This result is neither harsh nor unexpected in light of the fact that the same core rationale for exclusion has been applied multiple times in this District. *See, e.g., Hinkle v. Norfolk S. Ry. Co.*, No. 2:05-cv-574, 2006 WL 3783521, at *6 n.10 (S.D. Ohio Dec. 21, 2006); *Harris v. City of St. Clairsville, Ohio*, No. C2-04-cv-1179, 2006 WL 3791404, at *4 (S.D. Ohio Dec. 21, 2006); *United States v. Standring*, No. 1:04CV730, 2006 WL 689116, at *4 (S.D. Ohio Mar. 15, 2006). Moreover, this understanding of the certification requirement is hardly unique to this District. *See, e.g., Romanowski v. RNI, LLC*, No. C 06-6575 PJH, 2008 WL 361125, at *4 (N.D. Cal. Feb. 11, 2008); *Varela v. San Francisco City & Cnty.*, No. C 06-01841 WHA, 2007 WL 205069, at *2 (N.C. Calif. Jan. 25, 2007); *Witherow v. Crawford*, No. 3:01-CV-00404-LRH (VPC), 2006

_____

[3] Defendants cannot evade the unsigned certification error by seeking refuge in the fact that the Local Civil Rules permit the filing of "deposition excerpts" as attachments to summary judgment memoranda. *See* S. D. Ohio Civ. R. 7.2(e). That same rule also requires that "[e]vidence submitted . . . shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." S. D. Ohio Civ. R. 7.2(e). The court reporter certification is an essential portion of a transcript necessary for decision because it qualifies any submitted transcript pages as summary judgment evidence.

WL 3845145, at *5 (D. Nev. Dec. 28, 2006); *Roberts v. Boeing Co.*, No. CV 05-6813 FMC

(SHx), 2006 WL 4704616, at *1 (C.D. Cal. Sept. 8, 2006); *Gastelum v. Abbott Labs.*, No. CV

05-645 PHX NVW, 2006 WL 2456199, at *3 (D. Ariz. Aug. 22, 2006); *AMCO Ins. Co. v.*

*Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *24 (E.D. Cal. July

26, 2006); *Magana v. Sacramento Cnty. Main Jail*, No. CIVS03-2061DFLKJMP, 2006 WL

314486, at *3 (E.D. Cal. Feb. 9, 2006).

 Having resolved this additional issue as to what this Court can consider in its summary

judgment analysis, the Court finally turns to whether the viable summary judgment evidence

entitles Defendants to judgment as a matter of law.  Defendants initially seek summary judgment

on the rationale that because Plaintiff was an independent contractor and not an employee, there

can be no liability under either the FLSA or Title VII.  The briefing adequately sets forth the

often overlapping tests applicable to each type of claim, and given the pervasive factual issues

presented, this Court need not pad its opinion with a boilerplate recitation of that law here.

Rather, what proves dispositive of this aspect of Defendants' motion today is not the nuances of

the law, but the conflicts in the evidence submitted to satisfy the governing law.

 In support of their motion, Defendants rely on prior testimony in another case by

Plaintiff, asserted admissions by Plaintiff to his former live-in girlfriend, and testimony by other

individuals that Plaintiff was an independent contractor.  Defendants also provide testimony that

Plaintiff allegedly stated to his then-girlfriend and an employee that he was going to file a sham

lawsuit, asserting that he was an employee, in order to obtain a lucrative settlement.

 Plaintiff of course disagrees with Defendants' theory of the case and the evidence upon

which they rely.  He in turn has submitted the contested affidavits discussed above.  What

survives in these affidavits contradicts every key point of Defendants' evidence that is relevant under the applicable tests for employee versus independent contractor status.  For example, there is a factual dispute over whether Plaintiff was dependent on Defendants or in business for himself.  There are also issues as to whether he had a permanent relationship with Anchor and whether his work for other entities was most often at Defendants' direction.  There is an issue as to Plaintiff's potential for profit or loss, as well as whether the workers he paid in cash were his employees or Defendants' employees.  Additionally, whether Plaintiff or Anchor controlled the manner in which work was performed is at issue, as is whether the business card upon which Defendants rely is a forgery.  There is an issue as to whether Plaintiff obtained Workers' Compensation insurance and who paid for such coverage.  These obvious genuine issues of material fact preclude summary judgment based on the employee-independent contractor distinction.  In light of the foregoing, the Court also denies Defendants summary judgment on their related declaratory judgment counterclaim.

Although the bulk of the parties' briefing addresses the question of Plaintiff's status, Defendants also move for summary judgment on alternative grounds.  Citing generally pre-1960 cases, they argue that even if Plaintiff were an employee, the FLSA does not apply to the purely intrastate construction activity involved here.  Defendants have failed to present this Court with authority clearly supporting the dubious proposition that after the 1961 and 1974 "handling clause" amendments, the FLSA cannot apply even to construction enterprises that utilize goods or materials that have moved in interstate commerce.  *See Vega v. Peninsula Household Servs., Inc.*, No. C-08-03815 JCS, 2009 WL 656291, at *4 (N.D. Cal. Mar. 12, 2009).  The scarcity of authority presented and the evidence offered to this Court on the precise nature and scope of

19

Defendants' businesses do not favor summary judgment here. *See Wing Kwong Ho v. Target Constr. of NY, Corp.*, No. 08-CV-4750 (KAM)(RER), 2011 WL 1131510, at *8 (E.D.N.Y. Mar. 28, 2011) (noting application of FLSA to construction companies).

Defendants next argue that even if the FLSA applies and even if Plaintiff is an employee, he nonetheless falls under the bona fide executive exemption set forth in 29 U.S.C. § 213(a)(1). This issue presents a closer call than much of the foregoing analysis, but still fails to provide Defendants with a route to summary judgment. Defendants' argument hinges in part on application of the short test for executive employees, but they cite only to one of Plaintiff's complaints as evidence that he was paid more than the requite $250 per week. The pleading is not summary judgment evidence. Equally unpersuasive is Defendants' reliance on witnesses' affidavits to support the contention that Plaintiff exercised necessary control over the projects with which he was involved. Mandated to resolve all inferences in Plaintiff's favor in this summary judgment context, the Court must recognize that there are, as noted above, numerous factual disputes as to the extent and scope of Plaintiff's duties, including the extent of the physical labor required of him.

The final argument Defendants present in regard to the FLSA claim is that Plaintiff's alleged "on call" time and purported overtime hours worked are not compensable under the FLSA. They posit that Plaintiff had no on call restrictions placed on him and that he failed to inform Defendants of any overtime he worked. As he has done with many of Defendants' arguments, Plaintiff has failed to respond to these arguments. It is neither this Court's obligation nor inclination to scour the record in search of evidence supporting an on call restriction on Plaintiff that would counter Defendants' arguments. Consequently, Defendants are entitled to

summary judgment on the on call component of Plaintiff's claim in light of his failure to direct this Court to any evidence supporting that issue.  In contrast, the time sheets submitted with Plaintiff's November 1, 2010 affidavit introduce an issue of fact for the overtime component of his claim.

Defendants next assert that because Plaintiff has failed to produce any evidence of discrimination or disparate treatment related to his being of Hispanic origin, they are entitled to summary judgment on these Title VII claims.  Under Title VII, it is an unlawful employment practice for an employer "to discriminate against any [employee] with respect to the [employee's] compensation, terms, conditions, or privileges of employment, because of such [employee's] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  It is well settled that

> in order to establish a *prima facie* case of discrimination by the defendant, "the plaintiff must show (1) that he is a member of a protected group, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class . . . . [t]he fourth element may also be satisfied by showing that similarly situated non-protected employees were treated more favorably."

*Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002) (quoting *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995) (alteration in original)).  Proceeding under this standard, Defendants argue that even if Plaintiff were an employee, he cannot not meet the requirement of demonstrating that similarly situated employees outside his protected class were treated more favorably and that the companies' proffered rationale underlying the decision to stop using him on projects was discriminatory under the honest belief rule.

Plaintiff has failed to respond to these discrimination and disparate treatment arguments. Because Defendants' briefing sets forth a persuasive rationale for summary judgment that

21

Plaintiff has failed to rebut, the Court concludes that Defendants are also entitled to judgment as a matter of law on this aspect of the litigation.  The genuine dispute of material fact as to Plaintiff's possible role as an uncompensated translator for Defendants precludes summary judgment on this ground.

The same rationale and result applicable to Plaintiff's Title VII claims apply to his Ohio Revised Code Chapter 4112 claims as well.  This is because Ohio courts apply Title VII case law when analyzing claims under Ohio Revised Code § 4112.  *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 471–72 (6th Cir. 2005); *Koval v. Dow Jones & Co.*, 86 F. App'x 61, 65 (6th Cir. 2004); *Nelson v. Gen. Elec. Co.*, 2 F. App'x 425, 430 n.2 (6th Cir. 2001); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

### V.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to strike (ECF No. 70), **DENIES AS MOOT** the motion for leave to file a brief as *amicus curiae* (ECF No. 56), and **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment (ECF No. 51).

**IT IS SO ORDERED**.

            /s/ Gregory L. Frost            
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE